**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| **CHESTNUT STREET CONSOLIDATED, LLC,** | : | |
| Plaintiff / Appellee, | : | NO. 22-2615 |
| v. | : | (E.D. Pa. No. 2:21-cv-03046) |
| **FATAN DAWARA, et al.** | : | |
| Defendants / Appellants. | : | |

**APPELLEE'S RESPONSE**
**TO ORDER DATED SEPTEMBER 1, 2022**

Chestnut Street Consolidated, LLC ("CSC"), by and through its undersigned counsel, hereby responds to the Order dated September 1, 2022 seeking a written response regarding the finality of the district court's August 3, 2022 order ("Order").

Defendants, Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim and Hitham Albarouki a/k/a Haitham Albarouki ("Defendants" or "Appellants") have appealed after the district court issued the Order that addressed all claims. Although the Order did not calculate the exact amount of the defendants' monetary liability, it set forth in clear terms the manner in which avoided transfers are to be undone and the manner in which the total monetary liability is determined. As such, it "conclusively determine[d] the

disputed issues in this case..." *Harris v. Kellogg Brown & Root Servs. Inc.*, 618 F.3d 398 (3rd Cir. 2010) and is a “final decision[]” within the meaning of 28 U.S.C. § 1291.

A final decision is one which `puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined.' *France & Canada S. S. Co. v. French Republic* (C.C.A.2d) 285 F. 290, 294; *U. S. v. Bighorn Sheep Co*. (C.C.A.8th) 276 F. 710 cited by *Fidelity & Casualty Co. of New York v. Turby*, 81 F.2d 229 (3rd Cir. 1935). `When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree.' *Beebe v. Russell*, 19 How. 283, 285, 15 L.Ed. 668; *Steel & Tube Co. of America v. Dingess Rum Coal Co*. (C.C.A.4th) 3 F.(2d) 805." Cited by *Fidelity & Casualty Co. of New York v. Turby*, 81 F.2d 229 (3rd Cir. 1935).

The order and judgment appealed from here leaves nothing to be judicially determined, with nothing remaining to be done, but to enforce the terms of the order by execution of the judgment up to the amount of the award less any offsets the defendants can establish or by contempt proceedings.

**Order Directing Injunctive Relief Avoiding Transfers of Three Properties is Final**

The Order entering judgment in favor of Plaintiff and against Defendants on Count I of Plaintiff's Complaint entered on August 3, 2022. (D.E. 137) provided final injunctive relief as to three of ten properties at issue as follows:

> judgment on Count I of the Complaint will be entered in favor of Plaintiff and against Defendants. The following three transfers will be voided: (1) the transfer of Bahaa Dawara's interest in 19 Ridgeway Avenue, Norwood, PA 19074 to Faten Dawara (a/k/a Fatan Dawara); (2) the transfer of Imad Dawara's interest in 305 Seminole Street, Essington, PA 19029 to Maisaa Dawara; and (3) the transfer of Imad Dawara's interest in 407 Seminole Street Essington, PA 19029 to Mirvat Dawara. Title to these properties will be returned to the Incarcerated Defendants and, consistent with Pa. C.S. § 5107(a)(3)(iii), the Incarcerated Defendants will be permanently enjoined from further transferring their interests in these properties until further order of the Court.

Case 2:21-cv-03046-ER, Doc. 136, p. 58. The judgment entered in favor of Plaintiff and against Defendants on August 3, 2022 (D.E. 138) provided in clear terms how the avoidance was to be accomplished:

> 3. The following transfers shall be voided: (1) The transfer of Bahaa Dawara's interest in 19 Ridgeway Avenue, Norwood, PA 19074 to Faten Dawara (a/k/a Fatan Dawara); (2) the transfer of Imad Dawara's interest in 305 Seminole Street, Essington, PA 19029 to Maisaa Dawara; and (3) the transfer of Imad Dawara's interest in 407 Seminole Street Essington, PA 19029 to Mirvat Dawara;
>
> 4. By August 31, 2022, Defendants shall execute the following quitclaim deeds: Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall execute a quitclaim deed to return title to the property at 19 Ridgeway Avenue, Norwood, PA 19074 to Bahaa Dawara; Imad

> Dawara and Maisaa Dawara shall execute a quitclaim deed to return title to the property at 305 Seminole Street, Essington, PA 19029 to Imad Dawara; and Imad Dawara and Mirvat Dawara shall execute a quitclaim deed to return title to the property at 407 Seminole Street Essington, PA 19029 to Imad Dawara;
>
> 5. Except as provided for in paragraph 4, Bahaa Dawara and Imad Dawara shall be PERMANENTLY ENJOINED from transferring their interests in the properties at 19 Ridgeway Avenue, Norwood, PA 19074, 305 Seminole Street, Essington, PA 19029, and 407 Seminole Street Essington, PA 19029 until further order of the Court. Plaintiff may execute on its state court judgment[1] against these properties;

This portion of the order and judgment is final as to the injunctive relief of avoidance of transfers of three parcels of real estate sought by the Plaintiff.

An injunctive order for appeal purposes of section 1292(a)(1) "must not only adjudicate some of the relief sought in the complaint; it must also be of such a nature that if it grants relief, it could be enforced pendente lite by contempt if necessary." *Cohen v. Board of Trustees of University of Medicine & Dentistry,* 867 F.2d 1455, 1465 (3d Cir.1989). The Third Circuit developed a three-part test for determining when an order is injunctive: orders that are directed to a party, enforceable by contempt, and designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a [temporary] fashion. *Id*. at 1465 n. 9. The district court's order dealing with the three properties satisfies all of these three requirements.

**Order Awarding Value of Seven Properties with Setoffs for Any Liens is Final**

The Order entering judgment in favor of Plaintiff and against Defendants on Count I of Plaintiff's Complaint entered on August 3, 2022. (D.E. 137) also provided in pertinent part:

> "Plaintiff will be entitled to a judgment for the value of the remaining seven properties. Defendants will be jointly and severally liable for the value of the seven properties as provided for in the accompanying Order and Judgment. Plaintiff will be entitled to pre and post-judgment interest, which will be calculated from the value of the seven properties subject to the Restitution Agreement."

Case 2:21-cv-03046-ER, Doc. 136, pp 58-59. The judgment entered in favor of Plaintiff and against Defendants on August 3, 2022 (D.E. 138) provided in pertinent part:

> 6. Plaintiff is entitled to judgment holding that Defendants shall be jointly and severally liable for the value of the seven additional properties (the "seven properties"), less the value of any valid mortgage or other lien owed on the properties at the time they were fraudulently transferred, as follows:
>
> a. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall be jointly and severally liable for the value of the property at 134 Garfield Avenue, Woodlyn, PA 19094. The property is valued at $324,900.00;
>
> b. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall be jointly and severally liable for the value of the property at 140-142 Garfield Avenue, Woodlyn, PA 19094. The property is valued at $289,000.00;

c. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall be jointly and severally liable for the value of the property at 312 Fern Street, Darby, PA 19023. The property is valued at $73,800.00;

d. Imad Dawara and Abeer Naim shall be jointly and severally liable for the value of the property at 1524 McKean Street, Essington, PA 19145. The property is valued at $305,400.00;

e. Imad Dawara and Abeer Naim shall be jointly and severally liable for the value of the property at 321 Massasoit Street, Essington, PA 19029. The property is valued at $258,600.00;

f. Imad Dawara and Abeer Naim shall be jointly and severally liable for the value of the property at 224 Erickson Avenue, Essington, PA 19029. The property is valued at $203,000.00;

g. Imad Dawara and Abeer Naim shall be jointly and severally liable for the value of the property at 1007 Milmont Avenue, Swarthmore, PA 19081. The property is valued at $528,700.00;

The court found that the Incarcerated Defendants transferred their interests in the seven properties that are subject to the restitution agreement with fraudulent intent. As set forth above, for each of the seven properties, the court awarded and determined the valuation of each parcel based on uncontested evidence at trial. From the value, the defendants are entitled to an offset for any valid mortgage or other lien that existed at the time of the transfer. Therefore, the court awarded Plaintiff a judgment equivalent to the value of the seven properties as determined by the court less an offset for any valid mortgage or other lien to be applied towards the satisfaction of its civil judgment.

These seven properties were pledged to satisfy the two Incarcerated Defendants' obligations under their restitution agreements with the government. Order, p, 13. Properties "a", "b", "c", "f", "g" [referring to subparts of paragraph 6 from the Order quoted above] have already been sold in accordance with the restitution agreement. Order, pp 13-17. Any offsets to the monetary judgment for liens can be readily ascertained by reference to the closing statements memorializing the sales terms and payments resulting from these sales. The plaintiff does not contest the applicability of the settlement sheets as the reference point for determining any offset.

No liens were established by defendants with respect to Property "d". In any event, once Property "d" is sold and the funds are turned over to the government to fulfill the Incarcerated Defendants' obligations under their restitution agreement, the offset from the court determined valuation of the property will be set from the settlement sheet.

The court determined that there was a mortgage on Property "e". Order, p, 16. Once Property "e" is sold and the funds are turned over to the government to fulfill the Incarcerated Defendants' obligations under their restitution agreement, the offset from the court determined valuation of the property will be set from the settlement sheet.

Therefore, "the order appealed was “the final word on the subject addressed,” *Digital Equip. Corp.*, 511 U.S. at 868, 114 S.Ct. 1992, and thus there was no danger of duplicative appeals." *Harris v. Kellogg Brown & Root Servs. Inc.*, 618 F.3d 398 (3rd Cir. 2010). Damages are readily calculated from the valuations found by the court on an uncontested basis and by reference to the settlement sheets (five property sales already completed and two pending) for the closings on these seven properties. The parties do not contest the applicability of the settlement sheets and the balance due on the two remaining properties to be sold. As such, this is not the situation where the extent of damages remains undetermined after a finding of liability. The calculation contemplated in the judgment results in the following final sums due:

| **Property** | **Judgment Debtors** | **Base Judgment Amount** | **Mortgage Offset** | **Net Judgment Amount** |
|---|---|---|---|---|
| 134 Garfield | Bahaa and Faten | 324,900 | | 324,900 |
| 140-142 Garfield | Bahaa and Faten | 289,000 | 136,000 | 153,000 |
| 312 Fern | Bahaa and Faten | 73,800 | | 73,800 |
| | | | **Total Bahaa and Faten:** | **551,700** |
| | | | | |
| 1524 McKean | Imad and Abeer | 305,400 | 190,000 | 115,400 |
| 321 Massasoit | Imad and Abeer | 258,600 | 197,000 | 61,600 |
| 224 Erickson | Imad and Abeer | 203,000 | | 203,000 |
| 1007 Milmont | Imad and Abeer | 528,700 | | 528,700 |
| | | | **Total Imad and Abeer:** | **908,700** |

For the foregoing reasons, although the order did not calculate the exact amount of the defendants' liability, it did determine the amount of liability less any setoffs that may appear as may be determined from the settlement sheets when the five properties were sold and the mortgage balances on the two remaining properties to be sold. Therefore, it amounts to a final decision within the meaning of 28 U.S.C. § 1291.

Dated: September 14, 2022
Philadelphia, Pennsylvania

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Gary F Seitz*
By: Gary Seitz
Attorney I.D. No.: 52865
1628 John F. Kennedy Boulevard, Ste 1901
Philadelphia, Pennsylvania 19103
Ph: (215) 238-0010
Fx: (215) 238-0016
gseitz@gsbblaw.com

*Attorneys for Plaintiff/Appellee*

**CERTIFICATE OF SERVICE**

I, Gary F. Seitz, hereby certify that on September 15, 2022, I caused a true and correct copy of the foregoing **Response of CSC to Order Dated September 1, 2022** to be served on counsel for all parties of record by email and ECF transmission.

*/s/ Gary F. Seitz*
Gary F. Seitz, Esq.